UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **REGINALD BROOKS,** | : | Case No. 1:01 CV 02461 |
| Petitioner, | : | |
| vs. | : | JUDGE DONALD C. NUGENT |
| **DAVID BOBBY, Warden,** | : | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | : | |

This matter is before the Court upon Petitioner Reginald Brooks' ("Petitioner" or "Brooks") Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(6) and Motion for Stay of Execution. (ECF Nos. 52 and 53, respectively.) Respondent Warden David Bobby ("Respondent") opposed Petitioner's motions. (ECF Nos. 54 and 55.) For the following reasons, the motions are denied.

### I. Relevant Background

Brooks was convicted and sentenced to death by a three-judge panel for the aggravated murder of his three sons in 1983. Brooks' conviction and sentence were affirmed by State courts on direct and post-conviction appeals. This Court denied Brooks' petition for writ of habeas corpus in 2005. (ECF No. 30.) The Sixth Circuit Court of Appeals affirmed that ruling in 2008, and the United States Supreme Court denied Brooks' petition for writ of certiorari in 2009.

*Brooks v. Bagley*, 513 F.3d 618 (6th Cir. 2008), *cert. denied,* 129 S. Ct. 1316 (2009). On March 1, 2011, the Ohio Supreme Court set Brooks' execution date for November 15, 2011.

Brooks filed the motions now before the Court on September 23, 2011. He argues that his former court-appointed habeas counsel's ineffective assistance violated his Sixth Amendment and due process rights, requiring this Court to vacate its judgment denying habeas relief pursuant to Rule 60(b)(6) "and permit new counsel to fairly present the issues to the Court." (ECF Nos. 52, 8.) Specifically, he alleges that one of his attorneys, Kevin Spellacy, had a conflict of interest because his father, Ohio Judge Leo Spellacy, presided over Brooks' state-court litigation of his ineffective assistance of appellate counsel claim, which was denied. (ECF No. 52, 1.) He also alleges that Mr. Spellacy and his co-counsel, Patrick D'Angelo, failed to properly investigate, research and thoroughly present several substantive claims and defenses to exhaustion and procedural default in his habeas proceeding. (*Id.* at 8, 13.)

Respondent counters that Brooks' Rule 60(b)(6) motion should be denied on the following grounds: 1) Brooks' motion is a successive petition; 2) relief for ineffective assistance of habeas counsel is barred for any reason or basis; 3) Brooks' allegations of excusable neglect are untimely under Rule 60(b)(1) and (b)(3); 4) Brooks' motion was not filed within a reasonable time under Rule 60(b)(6); 5) Brooks' allegations of ineffective habeas counsel and fraud do not meet the high standard under the Rule 60(b)(6) catch-all provision; 6) Brooks' claims are barred under collateral estoppel, *res judicata,* and/or law of the case doctrine; and 7) Brooks' allegations of ineffective habeas counsel lack merit. (ECF No. 54, 2.)

2

## II. Analysis

The Sixth Circuit Court of Appeals addressed whether a habeas petitioner can assert ineffective assistance of habeas counsel claims in a Rule 60(b) motion in *Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005). In that case, the district court had granted a Rule 60(b) motion alleging habeas counsel's inadequate representation for failing to conduct discovery.

The *Post* court first applied Section 2254(i) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 2254(i) provides: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). The court found Section 2254(i) "clear" and "expansive in its prohibition." It held that the provision "expressly bars relief grounded on claims of incompetent or ineffective counsel in federal post-conviction proceedings. . . . And it bars 'relief,' not simply particular kinds of relief, such as a writ of habeas corpus." *Id.* (citations omitted). Section 2254(i) therefore conflicts with Rule 60(b), the court reasoned, and because Federal Rules of Civil Procedure apply only to the extent they do not conflict with AEDPA provisions, "[t]he bringing of such claims is therefore not a valid role for Rule 60(b) . . . ." *Id.* at 424 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)). The *Post* Court thus concluded that the relief the petitioner sought was "explicitly barred by the provisions of § 2254(i)," and the district court committed legal error by failing to recognize the prohibition. *Id.*

Here, as in *Post*, Brooks raises exclusively claims regarding the conflict of interest and deficient performance of his former habeas counsel before the district court. These claims are barred from review under *Post*.

The Sixth Circuit further ruled in *Post* that under the United States Supreme Court

3

decision *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the petitioner's Rule 60(b) motion was "clearly a second or successive habeas petition that is forbidden by the AEDPA-amended provisions of 28 U.S.C. § 2244(b)."[1] *Post,* 422 F.3d at 424. In *Gonzalez*, the Court held that Rule 60(b) "has an unquestionably valid role to play in habeas cases" when it is used to attack "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalvez*, 545 U.S. at 532-33. The *Gonzalez* Court further explained that Rule 60(b) motions are appropriate "when no 'claim' is presented" and "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction . . . ."[2] *Id.* at 533. It noted, however, that "an attack based on the movant's own conduct, or his habeas counsel's omissions, . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at 532 n.5.

Thus, in applying *Gonzalez*, the *Post* court held that the petitioner's Rule 60(b) motion, by asserting ineffective assistance of habeas counsel claims, was seeking discovery that might provide new evidence that could be presented in support of claims previously denied. It therefore was in effect a second or successive habeas petition that sought to present claims that already had

---

[1] Section 2244(b)(1) provides: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

[2] The *Gonzalez* Court held that the Rule 60(b) motion at issue in that case was proper, since it alleged that the federal courts misapplied the statute of limitations set out in Section 2244(d), which was a defect in the proceeding rather than a claim. *Gonzalvez*, 545 U.S. at 533. The Court cited as other examples of legitimate uses of Rule 60(b) in habeas actions instances in which there was fraud on the federal habeas court or an erroneous default judgment. *Id.* at 532 n.5, 534.

been adjudicated in a previous petition, and, as such, must be denied. *Post*, 422 F.3d at 424.

Similarly, here, Brooks is claiming that due to his habeas counsel's deficient representation, this Court should vacate its judgment denying habeas relief so that his "new counsel [can] fairly present the issues to the Court." (ECF No. 52, 8.) Under *Gonzalez* and *Post*, Brooks' motion is in effect a second or successive habeas petition, seeking to assert claims already adjudicated in a previous petition, and the AEDPA denies federal courts the jurisdiction to adjudicate such a petition.

The Sixth Circuit concluded its decision in *Post* by remarking:

> We understand that Mr. Post was failed by his attorneys. However, because there is no constitutional right to counsel in habeas proceedings . . .; because Congress has forbidden relief for ineffective or incompetent representation in post-conviction collateral review; and because Congress has barred relief for claims adjudicated in a previous habeas petition, the district court cannot grant Post's Rule 60(b) motion . . . .

*Post*, 422 F.3d at 425 (citations omitted).

*Post* applies here, and Brooks' Rule 60(b) motion must be denied.

### III. Conclusion

Accordingly, this Court denies Petitioner's Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(6) on the grounds that the relief it seeks is barred by 28 U.S.C. § 2254(i), and, further, that this Court lacks authority to rule on the motion because it constitutes a second

or successive habeas petition under 28 U.S.C. § 2244(b)(1).  Petitioner's Motion for Stay of Execution is denied as moot.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

October 19, 2011