## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **REGINALD BROOKS,** | : | **Case No. 1:01 CV 02461** |
| | : | |
| **Petitioner,** | : | |
| | : | **JUDGE DONALD C. NUGENT** |
| **vs.** | : | |
| | : | |
| **DAVID BOBBY, Warden,** | : | **MEMORANDUM OF OPINION** |
| | : | **AND ORDER** |
| **Respondent.** | : | |

This matter is before the Court upon Petitioner Reginald Brooks' ("Petitioner" or "Brooks") Motion for Stay of Execution Pending Filing of Habeas Petition; Motion for Stay of Execution Pending Filing of Habeas Petition (*Brady/Napue*); and Motion for Stay of Execution Pending Filing of Habeas Petition (*Brady/Napue*) with Attachments. (ECF Nos. 59, 66, 67, respectively.) Respondent Warden David Bobby ("Respondent") opposed Petitioner's first motion for stay of execution. (ECF No. 61.) Petitioner filed a reply to that opposition. (ECF No. 63.) For the following reasons, the motions are denied.

### I. Relevant Background

Brooks was convicted and sentenced to death by a three-judge panel for the aggravated murder of his three sons in 1983. Brooks' conviction and sentence were affirmed by State courts on direct and post-conviction appeals. This Court denied Brooks' petition for writ of habeas

corpus in 2005. (ECF No. 30.) The Sixth Circuit Court of Appeals affirmed that ruling in 2008, and the United States Supreme Court denied Brooks' petition for writ of certiorari in 2009. *Brooks v. Bagley*, 513 F.3d 618 (6th Cir. 2008), *cert. denied,* 129 S. Ct. 1316 (2009). On March 1, 2011, the Ohio Supreme Court set Brooks' execution date for November 15, 2011.

Brooks now has filed three motions for stay of execution pending filing of habeas petitions.[1] He filed the first on October 24, 2011, seeking the stay so that he can file a habeas petition regarding his mental competency under *Ford v. Wainwright*, 477 U.S. 399 (1986). He filed the second and third motions for stay on October 27, 2011, anticipating the filing of a habeas petition regarding the unlawful suppression of exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and *Napue v. Illinois*, 405 U.S. 150 (1972). Respondent argues, as to Brooks' first motion for stay, that this Court is without jurisdiction to grant the motion for a pre-petition stay of execution, and, alternatively, that because Brooks waited too long to file his *Ford* claim, and because he has no chance of success on the merits of that claim, it would be an abuse of discretion for this Court to grant his motion. (ECF No. 61, 1.)

## II. Analysis

It is clear that a federal district court has jurisdiction to issue a stay of execution so that it may rule on a prisoner's *pending* habeas corpus claims. 28 U.S.C. § 2251 ("A . . .judge of the United States before whom a habeas corpus proceeding is *pending,* may . . . stay any proceeding against the person detained . . . under the authority of any state . . . .") (emphasis added).

---

[1]     Brooks previously filed a Motion for Stay of Execution (ECF No. 53) along with a Motion For Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b) (ECF No. 52) on September 23, 2011, which this Court denied on October 6, 2011. (ECF No. 54.)

The United States Supreme Court addressed the issue of what is considered a "pending" case for purposes of Section 2251 in *McFarland v. Scott*, 512 U.S. 849 (1993). In that case, an unrepresented prisoner sought a stay of execution to permit him to obtain counsel under 21 U.S.C. § 848 who could prepare a competent petition for a writ of habeas corpus. The Court held that "a capital defendant may invoke [his] right to a counseled federal habeas corpus proceeding by filing a motion requesting the appointment of habeas counsel, and that a district court has jurisdiction to enter a stay of execution where necessary to give effect to that statutory right." *Id.* at 859. The Court concluded that "the right to appointed counsel adheres prior to the filing of a formal, legally sufficient habeas corpus petition," and that such a right would be meaningless unless the district court also were allowed to stay the petitioner's execution pursuant to Section 2251, thereby providing the attorney with sufficient time to prepare an adequate petition. *Id.* at 854-55, 858. Therefore, it held that "once a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under § 2251 to enter a stay of execution." *Id.* at 858.

The Sixth Circuit Court of Appeals, however, has refused to extend *McFarland'* s broad interpretation of "pending" under Section 2251. In *Steffen v. Tate,* 39 F.3d 622 (6th Cir. 1994), the court acknowledged that the Supreme Court in *McFarland* "did rule against an interpretation of 28 U.S.C. § 2251 that would require the actual filing of a habeas petition" before the proceeding would be considered "pending" and the federal court would have jurisdiction to stay an execution. *Id.* at 627. The court concluded, however, that

> the *McFarland* decision does not create a generalized repeal of the requirement
> that a habeas petition must be pending for a federal court to stay an execution.
> Rather, it holds only that in a limited situation where a truly unrepresented
> prisoner requires representation in order to prepare a competent habeas corpus

3

petition, a federal court is not devoid of jurisdiction to issue such an order in aid of that particular end.

*Id.* at 628. Because the defendant in *Steffen* was represented by counsel, and therefore the equitable concerns of *McFarland* were absent, the court held that the district court did not have jurisdiction to stay the execution under Section 2251 until the defendant filed an actual petition, applying the literal understanding of a "pending" case. *Id.*

The Sixth Circuit again emphasized the limited scope of *McFarland* in *In re Parker*, 49 F.3d 204 (6th Cir. 1995). In that case, the court, on a petition for mandamus, reviewed a district court's grant of a stay of execution under Section 2251. The district court concluded that it had jurisdiction to enter a stay under *McFarland* because the defendant had moved for the appointment of counsel pursuant to Section 848. The petitioner, however, already was represented by counsel. The Sixth Circuit concluded that the district court's entry of a stay was erroneous, and that *McFarland* did not "stand for the proposition that an already well-represented prisoner may invoke the 'stay' jurisdiction of a federal court by seeking pre-petition appointment of counsel who already represents him." *Id.* at 207. In such circumstances, noted the court, only the filing of a petition for habeas relief would constitute a "pending" habeas proceeding that would give the district court jurisdiction to enter a stay pursuant to Section 2251. *Id.*

In this case, Brooks has no habeas petition pending in this Court. And, as in *Steffen* and *Parker*, the fundamental fairness concerns that motivated the *McFarland* Court are absent here. A departure from the literal understanding of a "pending" case is therefore unwarranted, and this Court lacks jurisdiction under 28 U.S.C. § 2251 to grant Brooks' motions for stay of execution.

### III. Conclusion

Accordingly, Petitioner's Motion for Stay of Execution  Motion for Stay of Execution

4

Pending Filing of Habeas Petition; Motion for Stay of Execution Pending Filing of Habeas

Petition (*Brady/Napue*); and Motion for Stay of Execution Pending Filing of Habeas Petition

(*Brady/Napue*) with Attachments are denied.

IT IS SO ORDERED.


DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE


October 2*8*, 2011