**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **REGINALD BROOKS,** | : | Case No. 1:01 CV 02461 |
| | : | |
| Petitioner, | : | |
| | : | **JUDGE DONALD C. NUGENT** |
| vs. | : | |
| | : | |
| **DAVID BOBBY, Warden,** | : | **MEMORANDUM OF OPINION** |
| | : | **AND ORDER** |
| Respondent. | : | |

This matter is before the Court upon Petitioner Reginald Brooks' ("Petitioner" or "Brooks") Request for District Court to Recuse From Further Proceedings. (ECF No. 77.) Respondent, Warden David Bobby ("Respondent"), opposed Petitioner's request. (ECF No. 78.) For the following reasons, the motion is denied.

Petitioner requests that the undersigned recuse himself from any further habeas proceedings, and, specifically, from reviewing the habeas petition Brooks recently filed asserting the unlawful suppression of exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 405 U.S. 150 (1972). (ECF No. 73.) Brooks contends that there would be "at least an appearance of impartiality" if this Court were to review his *Brady* claims because the undersigned was an assistant Cuyahoga County prosecutor when Brooks was tried by the same prosecutor's office in 1983, and it is those prosecutors against whom Brooks' claims are directed. This "appearance of potential impartiality" exists, he explains, because the undersigned

prosecuted capital and other major cases while his colleagues were prosecuting Brooks, and he *may* have had direct or indirect involvement in Brooks' case. (ECF No. 77, 2-3.)

The standard for recusal, however, is significantly higher than Brooks' complaint concerning the "appearance of potential impartiality." 28 U.S.C. § 455 provides, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Sixth Circuit Court of Appeals has explained,

> The law with regard to recusal under section 455 is straightforward and well-established in the Sixth Circuit. A district judge is required to recuse himself 'only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' . . . This standard is objective and is not based 'on the subjective view of a party.'

*Wheeler v. Southerland Corp.*, 875 F.2d 1246, 1251(6th Cir. 1989) (internal quotation marks and citations omitted). Moreover, in order to justify recusal, the prejudice or bias must be personal, or extrajudicial. *Id*. "Personal" bias "is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Id*. The test is "whether the alleged bias 'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Id*. (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1965)).

In applying these standards, the Sixth Circuit has rejected a claim of bias directed against this Court that is nearly identical to Brooks' claim here. In *Johnson v. Mitchell*, 585 F.3d 923 (6th Cir. 2009), the petitioner claimed that this Court should recuse itself based on similar allegations of bias arising from the undersigned's past connections with others involved in the petitioner's state-court litigation. Johnson argued that a reasonable person would have questioned the

Court's impartiality because the undersigned was a colleague of the lead prosecutor of one of Johnson's trials as well as certain of the trial and appeals court judges, and because he prosecuted a potential witness in his case. The court stated,

> [W]e have consistently held that a judge need not recuse himself on the basis of prior contact with a party or a witness, as long as the judge does not have a familial, financial, or similarly close relationship with the party or witness and as long as the judge has not received out-of-court information about the case at hand.

*Id.* at 946. It then noted that the undersigned did not play any part in the petitioner's prosecution or the adjudication of his state trials, appeals, or petitions for post-conviction relief. The court held that, without any such direct contact with the petitioner's cases or any allegation of extrajudicial information reaching him as a result of his prior connections, the district court did not commit an abuse of discretion in denying the petitioner's motion to recuse. *Id.*

Here, too, the undersigned had no direct or indirect contact with Brooks' state-court litigation. The Court did not play any part in Brooks' prosecution or the adjudication of his state trials, appeals, or petitions for post-conviction relief. Nor is there any allegation that the undersigned received any extrajudicial information about Brooks' case. No reasonable person, therefore, would question this Court's impartiality in any of these habeas proceedings, or in reviewing Brooks' *Brady* claims in particular.

Moreover, the undersigned's former position as a Cuyahoga County prosecutor is public knowledge, of which Brooks presumably has been aware since he filed notice to file his first habeas petition on October 26, 2001–more than ten years ago. Yet Brooks never raised his concerns about any potential bias of this Court until now, practically the eve of his execution. As the Sixth Circuit noted in its recent ruling regarding another matter in this case:

> *First*, Brooks waited too long to file his Rule 60(b) motion. . . . Brooks could

3

>have filed [the] motion in the district court raising these claims at any time during the last five years, but instead he waited until September 23, 2011–53 days before his scheduled execution–to do so. Brooks offers no justification for this delay. This unexplained, and seemingly inexplicable, delay in filing his motion by itself justifies denying the stay.

*Brooks v. Bobby*, – F.3d – , 2011 WL 5395583, at *1 (6th Cir. Nov. 9, 2011). The same reasoning applies here. Not only does his request for recusal lack merit, but Brooks simply waited too long for the request to have much, if any, credibility.

Accordingly, Petitioner's Request for District Court to Recuse From Further Proceedings is denied.

IT IS SO ORDERED.

    /s/Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

November 14, 2011