**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REGINALD BROOKS, | : | Case  No. 1:01 CV 02461 |
| | : | |
| Petitioner, | : | |
| | : | JUDGE DONALD C. NUGENT |
| vs. | : | |
| | : | |
| DAVID BOBBY, Warden, | : | <u>MEMORANDUM OF OPINION</u> |
| | : | <u>AND ORDER</u> |
| Respondent. | : | |

This matter is before the Court upon Petitioner Reginald Brooks' ("Petitioner" or "Brooks") Petition for Writ of Habeas Corpus; Motion to Stay Proceedings and Hold Case in Abeyance; and Motion for Stay of Execution Pending Resolution of Brooks's Habeas Petition. (ECF Nos. 73, 74 and 75, respectively.)  Respondent Warden David Bobby ("Respondent") opposed both motions to stay.  (ECF Nos. 76, 95.)  Petitioner filed a reply to Respondent's opposition. (ECF No. 63.)   In addition, Respondent filed an Answer and Motion for Summary Judgment (ECF Nos. 101 (ex parte), 102), which Brooks opposed (ECF Nos. 103).  For the following reasons, Respondent's motion for summary judgment is granted, Brooks' habeas petition is dismissed, and Brooks' motions to stay are denied.

**I.  Relevant Background**

Brooks was convicted and sentenced to death by a three-judge panel for the aggravated murder of his three sons in 1983.  Brooks' conviction and sentence were affirmed by state courts

on direct and post-conviction appeals.  This Court denied Brooks' petition for writ of habeas

corpus in 2005.  (ECF No. 30.)  The Sixth Circuit Court of Appeals affirmed that ruling in 2008,

and the United States Supreme Court denied Brooks' petition for writ of certiorari in 2009.

*Brooks v. Bagley*, 513 F.3d 618 (6th Cir. 2008), *cert. denied,* 129 S. Ct. 1316 (2009).

On March 1, 2011, the Ohio Supreme Court set Brooks' execution date for November 15,

2011.  *State v. Brooks*, 128 Ohio St. 3d 1408, 942 N.E.2d 381 (Ohio 2011).  Since then, Brooks

has asked this Court to stay that execution through five separate motions.

Brooks filed his first motion for stay of execution along with a Rule 60(b) motion on

September 23, 2011.  (ECF Nos. 52 and 53, respectively.)  This Court denied both motions on

October 6, 2011.  (ECF No. 54.)  The Sixth Circuit Court of Appeals affirmed that ruling on

November 9, 2011.  *Brooks v. Bobby*, – F.3d – , 2011 WL 5395583 (6th Cir. Nov. 9, 2011).

Brooks then filed three additional motions for stay of execution pending the filing of new

habeas petitions.  He filed the first on October 24, 2011, seeking a stay so that he can file a

habeas petition regarding his mental competency under *Ford v. Wainwright*, 477 U.S. 399

(1986).  Brooks filed the second and third motions for stay on October 27, 2011, anticipating the

filing of a habeas petition regarding the claimed unlawful suppression of exculpatory evidence

relating to his mental competency under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v.*

*Illinois*, 405 U.S. 150 (1972).  This Court denied Brooks' motions to stay on October 28, 2011,

on the ground that Brooks had no habeas petition pending in this Court, and therefore the Court

lacked jurisdiction under 28 U.S.C. § 2251 to grant Brooks' requests.  (ECF No. 68.)

Brooks had commenced post-conviction proceedings in state court regarding his mental

competency to be executed on August 23, 2011.  The post-conviction court denied Brooks' *Ford*

2

claim on September 21, 2011, and his *Brady/Napue* claim on November 3, 2011. (ECF No. 101, 20.) Brooks also sought a stay of execution based on the competency litigation in the Ohio Supreme Court, which the court denied on September 14, 2011, ordering that "[t]he merits of the incompetence claim will be adjudicated by the appropriate tribunal in accordance with R.C. 2949.28 before the scheduled execution date." *State v. Brooks*, 129 Ohio St. 3d 1467, 953 N.E.2d 334 (Ohio 2011).

Brooks then filed a Petition for Writ of Habeas Corpus in this Court, asserting his *Ford* and *Brady/Napue* claims, on November 3, 2011. (ECF Nos. 73.) He concurrently asked this Court to stay the habeas proceedings and hold them in abeyance while he seeks his state-court competency remedies, and to stay the execution pending the resolution of his habeas petition. He argues that the stays are warranted because: (1) he is entitled to seek habeas review of any state-court procedure determining competency to be executed as well as habeas review of the merits of the state-court conclusion; (2) he is seeking to exhaust his state-court remedies before seeking habeas review; and (3) the failure of the Ohio Supreme Court to stay the execution is directly contrary to and/or an unreasonable application of clearly established Constitutional law. (ECF Nos. 74, 75, 3.)

Respondent filed an answer to the petition and motion for summary judgment on November 11, 2011, moving this Court to dismiss the petition on several grounds, including that Brooks' *Ford* claim is unexhausted and his *Brady/Napue* claim constitutes a successive petition. (ECF No. 101, 1.) Brooks opposed the motion, arguing that: (1) there are significant and genuine issues of material fact, (2) the motion is premature as there has been no opportunity for discovery, factual development, or other proceedings upon which the Court can base a ruling,

and (3) Respondent is not entitled to judgment as a matter of law.  (ECF No. 103, 1.)

## II. Analysis

A state prisoner must exhaust his state remedies before bringing his claim in a federal habeas corpus proceeding.  28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509 (1982). Exhaustion is fulfilled once a state supreme court provides a convicted defendant an opportunity to review his or her claims on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  A habeas petitioner satisfies the exhaustion requirement when the highest court in the state in which the petitioner has been convicted has had a full and fair opportunity to rule on the claims.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). If under state law there remains a remedy that a petitioner has not yet pursued, exhaustion has not occurred and the federal habeas court cannot entertain the merits of the claim.  *Rust*, 17 F.3d at 160.

A petitioner "cannot obtain federal habeas relief under 28 U.S.C. § 2254 unless he has completely exhausted his available state court remedies to the state's highest court."  *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (quoting *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001)) (internal quotation marks omitted). The Sixth Circuit has explained that when a district court is presented with a habeas petition containing unexhausted claims, the court has four avenues to proceed: (1) dismiss the petition entirely, (2) hold the case in abeyance while the petitioner exhausts all of his claims in state court, (3) permit the petitioner to voluntarily dismiss the unexhausted claims, or (4) deny the petition on its merits.  *Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009).

Brooks admits, "The Petition is not exhausted because the state courts have not resolved

Mr. Brooks's appeals of right and the Ohio Supreme Court repeatedly refuses to stay the execution to permit orderly litigation." (ECF No. 103, 13.)   Accordingly, the Court dismisses Brooks' petition for failure to exhaust, and will not reach the merits of his claims.  Brooks' *Ford* and *Brady/Napue* claims are properly before the state courts.

### III.  Conclusion

Respondent's Motion for Summary Judgment is therefore granted; Brooks' Petition for Writ of Habeas Corpus is dismissed; and Brooks' Motion to Stay Proceedings and Hold Case in Abeyance and Motion for Stay of Execution Pending Resolution of Brooks's Habeas Petition are denied.

IT IS SO ORDERED.

 /s/Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

November 14, 2011

5